UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 3:21-cv-30124

| | | |
|---|---|---|
| CHRISTOPHER S. BIGNELL and | ) | |
| STUART KERR, | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| EDGE VELOCITY CORPORATION, | ) | |
| PAULA C. BEAUREGARD and | ) | |
| DAVID W. DAHN, | ) | |
| Defendants | ) | |

## INTRODUCTION

Plaintiffs are creditors of the defendant corporation, which has defaulted on the notes on which plaintiffs seek to collect.  Defendants have committed securities fraud, in that plaintiffs were induced to enter into their notes by false representations made by the individual defendants, officers of the defendant corporation, in violation of the federal securities laws.  The defendant corporation has further violated federal securities laws and regulations by failing to make SEC submissions required by the provisions under which it purports to have been exempted from securities registration requirements.  Plaintiffs also state claims under Massachusetts common law for breach of contract and fraud.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 as it includes claims arising under federal law.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged occurred in this district.

## PARTIES

3.      Plaintiff Christopher Bignell ("Bignell") is an individual residing at 23 Senator

Drive, East Longmeadow, Massachusetts.

4.      Plaintiff Stuart Kerr ("Kerr") is an individual residing at 3201 Ocean Boulevard,

Apartment 401, Highland Beach, Florida.

5.      Defendant Edge Velocity Corporation ("Edge") is a Delaware corporation with a

principal place of business at 68 Stiles Road, Suite G, Salem, New Hampshire.

6.      Defendant Paula C. Beauregard ("Beauregard") is an individual residing at a

present unknown address but with a business address at 68 Stiles Road, Suite G Salem, New

Hampshire.

7.      Defendant David W. Dahn ("Dahn") is an individual residing at 610 Kenoza

Street, Haverhill, Massachusetts.

## FACTS COMMON TO ALL COUNTS

8.      Defendant Edge is a company that, according to its website, is "focused on the

creation of secure, reliable communication solutions designed to operate in the world's harshest

environments," based in part on a patented proprietary technology capable of maintaining

communications in such an environment.

9.      Defendant Beauregard is the Chief Executive Officer of Edge, and has been at all

relevant times.

10.      Defendant Dahn is the Chief Financial Officer of Edge, and has at all relevant

times held that position or a functional equivalent.

**The Bignell Notes**

11.     On or about April 2, 2018, Bignell made a $100,000 loan to Edge, and on that date Edge executed a Convertible Non-Transferable Note by which Edge promised to pay to Bignell on December 31, 2020 the principal sum of $100,000 and interest on that amount at a rate of 12% per annum, subject to a right of conversion to equity.  A true and correct copy of the April 2018 Note ("the April 2018 Bignell Note") is attached as Exhibit A.

12.     On or about August 1, 2018, Bignell made an additional $50,000 loan to Edge, and Edge executed on that date a second Convertible Non-Transferable Note by which Edge promised to pay Bignell on December 31, 2020 the principal sum of $50,000 plus interest at 12% per annum, subject to a right of conversion to equity.  A true and correct copy of the August 1, 2018 Note ("the August 2018 Bignell Note") is attached as Exhibit B.

13.     On or about June 14, 2019, Bignell made an additional $25,000 loan to Edge, and Edge and Bignell executed on that date a third Convertible Non-Transferable Note by which Edge promised to pay Bignell on December 31, 2020 the principal sum of $25,000 plus interest at 12% per annum, subject to a right of conversion to equity.  A true and correct copy of the June 14, 2019 Note ("the June 2019 Bignell Note") is attached as Exhibit C.

14.     Collectively, the April 2018 Bignell Note, the August 2018 Bignell Note, and the June 2019 Bignell Note are referred to in this Complaint as "the Bignell Notes."

15.     None of the Bignell Notes were converted to equity, and conversion rights have expired.

**The Kerr Notes**

16.     On or about November 8, 2018, Kerr made a loan of $75,000 to Edge, and Edge and Kerr executed an Unsecured Non-Transferable Note by which Edge promised to pay Kerr

3

the principal amount of $75,000 plus simple interest at the rate of 15% per annum on the earlier

of a) April 8, 2019 or b) the date of "receipt of payment by [Edge] from Verizon Sourcing LLC

(or its affiliates) ("Verizon") with respect to the fourth invoice issued in connection with

[Edge's] service as a subcontractor to Verizon related to its provision of services to the New

York City Department of Transportation on the "NYDOT Traffic Safety Network Project."  A

true and correct copy of the November 8, 2018 Unsecured Note ("Kerr Unsecured Note") is

attached as Exhibit D.

17.     The Kerr Unsecured Note also provides that in the event repayment has not

occurred prior to or on the six-month anniversary Kerr shall be entitled to two times (2x) the

principal amount then outstanding under the note plus the accrued interest.

18.     Also on or about November 8, 2018 Kerr made an additional loan of $75,000 to

Edge, and Edge and Kerr executed on that date a Convertible Non-Transferable Note by which

Edge promised to pay Kerr on December 31, 2020 the principal amount of $75,000 plus interest

accrued at the rate of 15% per annum.  A true and correct copy of this November 2018

Convertible Note ("the Kerr Convertible Note") is attached as Exhibit E.

19.     The Kerr Convertible Note was not converted to equity, and conversion rights

have expired.

20.     The Kerr Unsecured Note and the Kerr Convertible Note are collectively referred

to in this Complaint as the "Kerr Notes."

**Inducement of the Kerr Notes**

21.     Kerr was induced to make the loans documented in the Kerr Notes by oral

representations made to him by Dahn, Edge's Chief Financial Officer, that Edge had entered into

a contract or contracts with Verizon to supply Verizon as a subcontractor with goods and

services related to a large telecommunications undertaking by the New York City Department of

Transportation, and was guaranteed payment on a substantial invoice.

22.     Specifically, on several occasions in the course of at least two telephone

conversation in or about October 2018 – one that he had alone with Dahn and another with a

fellow lender, Steve Lifshatz, on the line – Dahn verbally stated that executed contract or

contracts with Verizon existed and would be lucrative for Edge.  In the course of those calls,

Kerr was clear about his desire to verify this point before committing to the making of a loan or

any other financial relationship with Edge.  Dahn told both Kerr and Lifshatz that the relevant

contract between Edge and a Verizon entity—a non-cancellable contract in excess of

$60,000,000—had been signed, that an invoice had been issued by Edge to Verizon, that the

invoice was in the process of being paid and that payment of the invoice was guaranteed.

Further, Edge subsequently factored the invoice, including in taking a loan from Kerr, and

included reference to an existing contractual relationship with "Verizon Sourcing LLC (or its

affiliates)" in the Unsecured Kerr Note, which Kerr understood as a further representation that a

contractual relationship existed and payment to Edge was generated.

**Inducement of the Bignell Notes**

23.     Bignell was induced to make one or more of the loans documented in the Bignell

Notes by representations made to him on behalf of Edge by corporate officers of Edge, including

defendants Beauregard and Dahn, that Edge had entered or was about to enter into a contract or

contracts with Verizon or a Verizon affiliate to supply Verizon as a subcontractor with goods and

services related to a large telecommunications undertaking by the New York City Department of

Transportation.

24.     Specifically, for example, in an email dated July 25, 2018, Edge's Chief Executive Officer, defendant Beauregard wrote to Bignell: "Here's a revised copy of our subcontract agreement with Verizon.  We're getting closer!  Both parties are pushing hard to get this closed in or around August 6th."

25.     In an email dated August 4, 2018, defendant Beauregard wrote to Bignell: "We're expecting to sign our agreement with Verizon in the very near future.  We're so close to reaching terms with them."

26.     In an email dated November 7, 2018, defendant Dahn informed Bignell that "things with Verizon are lining up tremendously."  In an email dated November 8, 2018, defendant Dahn wrote to Bignell regarding a certain "bridge investment" by other individuals: "Do not anticipate a need for any outside financing after this bridge piece as we will have the bank line and the VZ [Verizon] invoicing getting us launched.  We are FINALLY there!"

**Falsity of the Representations**

27.     In fact, Edge never actually contracted with any Verizon entity with respect to a New York City Department of Transportation project, and the representations by Dahn, Beauregard and Edge were false.  In the absence of an executed contract, no invoice from Edge to a Verizon entity was ever paid.

**Edge's Defaults and Insolvency**

28.     Edge has failed and refused to pay any of the Bignell notes when due, or since, and Edge has defaulted on all of the Bignell Notes.

29.     Edge has failed and refused to pay either of the Kerr Notes when due, or since, and Edge has defaulted on the Kerr Notes.

30.     Upon information and belief, Edge is and has been since December 2020 unable to pay its liabilities as they have become due, including the Bignell Notes and the Kerr Notes, and therefore is, and has been, insolvent.

**Inequitable Treatment of Creditors**

31.     In or about May 2021, Dahn and the Board of Directors of Edge authorized a partial payment of its obligations to Bignell and to Kerr in the amount of only $5,000 to each of them.

32.     Also, however, in or about May 2021, certain officers and/or directors authorized payment in full of Edge's obligations to at least one other individual creditor of Edge similarly situated to Bignell and Kerr.

33.     That is, Edge's officers and Board of Directors authorized disparate and inequitable treatment of at least one similarly situated creditor to the exclusion of Bignell and Kerr.

34.     On or about December 28, 2021, Kerr and Bignell served upon Edge a demand pursuant to Delaware corporations law that Edge pursue claims against any and all Edge officers and directors that authorized such disparate and inequitable treatment of creditors in order to seek damages for the breach by those officers and directors of the fiduciary duties owed to Edge's creditors given Edge's insolvency, or permit Bignell and Kerr to do so derivatively.  That demand is pending.

35.     The Bignell Notes and the Kerr Notes are "covered securities" within the meaning of relevant federal securities laws and regulations.

## FIRST CAUSE OF ACTION
### (Securities Fraud – Kerr vs. Dahn and Edge)

36.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-35 above.

37.     By the conduct alleged, including by representing to Kerr that Edge had executed a contract or contracts to act as a subcontractor or supplier to a Verizon entity or affiliate with respect to a substantial project of the New York City Department of Transportation, had invoiced a substantial amount to that Verizon entity and was guaranteed payment of that invoice, defendants Dahn and Edge made false representations of material fact with knowledge of its falsity in order to induce Kerr to make loans to Edge evidenced by securities covered by the federal securities laws and regulations, 15 U.S.C. § 78j and the Securities and Exchange Commission's Rule 10(b)-5.

38.     Kerr reasonably relied on the representations made, and acted upon them to his detriment is making the loans evidenced by the Kerr Notes.

39.     By the conduct alleged, the defendants have violated 15 U.S.C. § 78j and the Rule 10(b)-5.

40.     As a proximate result of those misrepresentations and his reliance thereon, Kerr has been substantially damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Securities Fraud – Bignell vs. Beauregard, Dahn, Edge Velocity)

41.     Plaintiff hereby incorporates the foregoing allegations of Paragraphs 1-35 above.

42.     By the conduct alleged, including by representing to Bignell that Edge on numerous occasions had executed or was about to execute a contract or contracts to act as a subcontractor or supplier to a Verizon entity or affiliate with respect to a substantial project of the New York City Department of Transportation, defendants Beauregard, Dahn and Edge made false representations of material facts with knowledge of their falsity in order to induce Bignell to make a loan or loans evidenced by securities covered by the federal securities laws and

regulations, including without limitation, 15 U.S.C. § 78j and the Securities and Exchange

Commission's Rule 10(b)-5.

43.     Bignell reasonably relied on the representations made and acted upon them to his

detriment in making one or more of the loans evidenced by the Bignell Notes.

44.     By the conduct alleged, the defendants have violated 15 U.S.C. § 78j and the Rule

10(b)-5.

45.     As a proximate result of those representations and his reliance thereon, Bignell

has been substantially damaged in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**(Violation of 1933 Securities Act and Rule D – Bignell and Kerr vs. Edge)**

46.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-45 above.

47.     Pursuant to the requirements of the federal Securities Act of 1933 and the

Securities and Exchange Commission ("SEC") "Regulation D" thereunder, a company relying on

exemptions to the Rule D requirements of registering securities must submit to the SEC a "Form

D (Notice of Exempt Offering of Securities)" for each new offering of securities no later than 15

calendar days after the first sale of securities in the offering, and to update or amend such form

periodically.

48.     Edge relies on exemptions to the Rule D requirements of registering its securities

and is therefore obligated to submit to the SEC a signed Form D for each new offering of

securities and to update or amend its submission periodically.

49.     Edge filed an initial Form D with the SEC on or about August 7, 2014, and has

never filed another Form D or amendment since.

50.     By its conduct, Edge has violated Regulation D and the Securities Act of 1933.

9

51.     As a result of the failure of Edge to timely file a Form D or amendments thereto, Edge has engaged in illegal, unregistered offerings and is liable under section 12(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77k.

52.     As a result of Edge's conduct, Bignell and Kerr have been substantially damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Contract – Bignell vs. Edge)

53.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-52 above.

54.     Edge has breached the terms of each of the Bignell Notes by failing and refusing to pay the amounts due thereunder.

55.     As a result of Edge's breaches, Bignell has suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Breach of Contract – Kerr vs. Edge)

56.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-55 above.

57.     Edge has breached the terms of each of the Kerr Notes by failing and refusing to pay the amounts due thereunder.

58.     As a result of Edge's breaches, Kerr has suffered substantial damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### (Fraud – Bignell v. Beauregard, Dahn and Edge)

59.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-58 above.

60.     By representing to Bignell that Edge was about to execute a contract or contracts to act as a subcontractor or supplier to a Verizon entity or affiliate with respect to a substantial project of the New York City Department of Transportation, defendants Beauregard, Dahn and

Edge made false representations of material fact with knowledge of its falsity in order to induce

Bignell to make loans to Edge in exchange for the Bignell Notes.

61.     Bignell reasonably relied on the representations made, and acted upon them to his

detriment.

62.     As a proximate result of those misrepresentations and his reliance thereon, Bignell

has been substantially damaged in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**(Fraud – Kerr vs. Dahn and Edge)**

63.     Plaintiffs hereby incorporate the foregoing allegations of Paragraphs 1-62 above.

64.     By representing to Kerr that Edge had executed a contract or contracts to act as a

subcontractor or supplier to a Verizon entity or affiliate with respect to a substantial project of

the New York City Department of Transportation, had issued a substantial invoice as a sub

contractor or supplier and was generated payment on that invoice, defendants Dahn and Edge

made false representations of material fact with knowledge of its falsity in order to induce Kerr

to make loans to Edge in exchange for the Kerr Notes.

65.     Kerr reasonably relied on the representations made, and acted upon them to his

detriment.

66.     As a proximate result of those misrepresentations and his reliance thereon, Kerr

has been substantially damaged in an amount to be proven at trial.

WHEREFORE, plaintiffs pray that judgment be entered in their respective favor, for:

a.      actual damages;

b.      interest thereon;

c.      costs;

d.      attorneys' fees; and

11

e.      such other relief as the Court deems proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a trial by jury as to all claims so triable.

> The Plaintiffs,
> CHRISTOPHER S. BIGNELL and
> STUART KERR,
> By Their Attorneys:

Dated: December 30, 2021                    /s/ Kevin C. Maynard
                                            Kevin C. Maynard, BBO No. 550669
                                            Bulkley, Richardson and Gelinas, LLP
                                            1500 Main Street, Suite 2700
                                            P.O. Box 15507
                                            Springfield, MA  01115-5507
                                            Tel.: (413) 272-6244
                                            Fax: (413) 707-1746
                                            kmaynard@bulkley.com

3561627v1