UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 21-CV-30124-MGM

| | |
|---|---|
| CHRISTOPHER S. BIGNELL and STUART KERR,<br>        Plaintiffs<br><br>v.<br><br>EDGE VELOCITY CORPORATION, PAULA C. BEAUREGARD, DAVID W. DAHN, FRANKLIN J. KNOX, JR., and CHARLES D'AVOLIO, JR.,<br>        Defendants | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS ON THE FOURTH AND FIFTH CAUSES OF ACTION ASSERTED IN THE AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiffs, Stuart Kerr ("Kerr") and Christopher S. Bignell ("Bignell") (collectively "Plaintiffs"), hereby submit this memorandum in support of their motion for judgment on the pleadings with respect to the Fourth and Fifth Causes of Action asserted in the Amended Complaint. This action is a dispute, among other things, over the unpaid debts of Defendant Edge Velocity Corporation ("Edge"). (Amended Complaint, Docket No. 4, ¶¶ 15-24; 58-63). Through the Fourth and Fifth Causes of Action asserted in their Amended Complaint, Plaintiffs each seek to recover the amounts owed to them by Edge under theories of breach of contract. As set forth more fully herein, in their answer to the Amended Complaint (the "Answer"), Defendants, Edge Velocity Corporation ("Edge"), Paula Beauregard, David W. Dahn, Franklin J. Knox, Jr., and Charles D'Avolio, Jr. (collectively "Defendants") admitted facts demonstrating that Edge is liable to Plaintiffs for breach of contract as a matter of law. (*Id.*).

**UNDISPUTED FACTS FROM THE PLEADINGS**

Between April 2018 and June 2019, Edge executed three Convertible Non-Transferable Notes (the "Bignell Notes") in exchange for three loans from Bignell totaling $175,000.[1] (Amended Complaint, Docket No. 4, ¶¶ 15-17); (Answer, Docket No. 26, ¶¶ 15-17). Each of the Bignell Notes required Edge to pay the principal sum of Bignell's loans, plus interest accrued at a rate of 12% per annum, on or before December 31, 2020. (Amended Complaint, Docket No. 4, ¶¶ 15-17 and Exhibits A, B, and C at p. 1 each); (Answer, Docket No. 26, ¶¶ 15-17). The Bignell Notes each contain a right for Bignell to convert Edge's debt to equity that Bignell has not exercised. (Amended Complaint, Docket No. 4, ¶¶15-17, 19 and Exhibits A, B, and C at p. 1-2 each); (Answer, Docket No. 26, ¶¶ 15-17, 19). Despite each of the Bignell Notes stating that Edge would pay Bignell the amounts owed under those notes on or before December 31, 2020, Edge has not paid Bignell in full. (Amended Complaint, Docket No. 4, ¶¶ 32, 58-59); (Answer, Docket No. 26, ¶¶ 32, 58-59). The only payment that Bignell has received on the Bignell Notes is a partial payment in the amount of $5,000. (Amended Complaint, Docket No. 4, ¶ 36); (Answer, Docket No. 26, ¶ 36).

On November 8, 2018, Kerr loaned Edge $75,000 in exchange for an Unsecured Non-Transferrable Note (the "Kerr Unsecured Note"). (Amended Complaint, Docket No. 4, ¶ 20); (Answer, Docket No. 26, ¶ 20). Under the Kerr Unsecured Note, Edge agreed to repay Kerr the principal sum of $75,000, plus simple interest accruing at a rate of 15% per annum, by April 8, 2019 at the latest. (Amended Complaint, Docket No. 4, ¶ 20 and Exhibit D at p. 1); (Answer,

---

[1] Specifically, April 2, 2018 Edge executed a Convertible Non-Transferable Note in exchange for a $100,000 loan from Bignell. Next, on August 1, 2018, Bignell loaned Edge $50,000 in exchange for a second Convertible Non-Transferrable Note. Finally, on June 14, 2019, Bignell and Edge entered into another Convertible Non-Transferrable Note whereby Bignell agreed to loan Edge $25,000 in exchange for the promises contained in that Note.

Docket No. 26, ¶ 20).  In addition, the Kerr Unsecured Note states that Kerr "shall be entitled to two times (2X) of the principal amount then outstanding under this Note plus accrued interest, provided that repayment of such amount shall satisfy any payment obligations of [Edge] under this Note."  (Amended Complaint, Docket No. 4, ¶ 21 and Exhibit D at p. 1); (Answer ¶ 21).

Also on November 8, 2018, Kerr loaned Edge $75,000 in exchange for Edge executing a Convertible Non-Transferrable Note (the "Kerr Convertible Note").  (Amended Complaint, Docket No. 4, ¶ 22 and Exhibit E at p. 1); (Answer, Docket No. 26, ¶ 22).   Under the Kerr Convertible Note, Edge agreed to pay Kerr the principal amount of $75,000, plus interest accrued at a rate of 15% per annum, on or before December 31, 2020. (Amended Complaint, Docket No. 4, ¶ 22 and Exhibit E at p. 1); (Answer, Docket No. 26, ¶ 22).  The Kerr Unsecured Note and Kerr Convertible Note (collectively the "Kerr Notes") each contain an option to convert to equity, which has not been exercised by Kerr.  (Amended Complaint, Docket No. 4, ¶ 23); (Answer, Docket No. 26, ¶ 23).  Other than a partial payment of $5,000, Edge has not paid Kerr the amounts owed under either of the Kerr Notes.  (Amended Complaint, Docket No. 4, ¶¶ 33, 36, 61-62) (Answer, Docket No. 26, ¶¶ 33, 36, 61-62)

## STANDARD

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Courts considering motions for judgment on the pleadings use a similar standard to the one used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), except that 'a Rule 12(c) motion, unlike a Rule 12(b)(6) motion implicates the pleadings as a whole.'" *Feraro v. Telia Carrier U.S., Inc.*, Civil Action No. 20-cv-11652-ADB. 2021 WL 1581018, at *2 (D. Mass. Apr. 22, 2021) (quoting *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.2d 50, 54-55 (1st Cir. 2006)).  In evaluating a

motion under Fed. R. Civ. P. 12(c), courts "view the facts contained in the pleadings in the light most favorable to the nonmovant and draws all reasonable inferences in his favor." *Zipperer v. Raytheon Co., Inc.*, 493 F.3d 50, 53 (1st Cir. 2007).  Judgment on the pleadings is appropriate when uncontested facts in the pleadings show that the moving party is entitled to judgment as a matter of law.  *See Aponte*, 445 F.3d at 54 ("Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested fact; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish movant's entitlement to a favorable judgment.").  The court may also consider documents appended to the complaint when evaluating a motion for judgment on the pleadings.  *Cintron-Alonso v. GSA Caribbean Corp.*, 602 F. Supp. 2d 319, 322 (D.P.R. 2009).

## ARGUMENT

Under Massachusetts law, "[t]o prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendants committed a breach of the contract; and the plaintiff suffered harm as a result." *Vaca v. Brigham & Women's Hospital, Inc.*, 98 Mass. App. Ct. 463, 467 (2020) (citing *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) and *Singarella v. Boston*, 342 Mass. 385, 387 (1961)).  An agreement exists between the parties when "there is a manifestation of mutual assent to exchange," which is "otherwise known as a meeting of the minds" and "occurs when there is an offer by one [party] and an acceptance of it by the other." *Vaca*, 98 Mass. App. Ct. at 467-68 (alteration in the original) (quoting *Sea Breeze Estates, LLC v. Jarema*, 94 Mass. App. Ct. 201, 215 (2018)).  Failure to pay a loan in full by its maturity date constitutes breach of contract under Massachusetts law.  *See, e.g.*, *Fibley v. Carr*, 98 Mass. App. Ct. 455, 462 (2020)

(upholding the trial court's finding that the defendant had breached his contract with the plaintiff where "the jury had a sufficient basis to find that the defendant agreed to complete the repairs, sell his house, and repay the loan by September 30, 2016" and the loan was not repaid by that date.).

      a.    **<u>Defendants Admitted in Their Answer that Edge Breached the Bignell Notes.</u>**

In the Answer, Defendants admitted that Edge did not pay the Bignell Notes in full by their maturity dates. (Amended Complaint, Docket No. 4, ¶ 59); (Answer, Docket No. 26, ¶ 59). The Bignell Notes state that Edge would pay Bignell $175,000 on or before December 31, 2020 plus interest that had accrued under those notes. (Amended Complaint, Docket No. 4, ¶¶ 15-17 and Exhibits A, B, and C at p. 1 each); (Answer, Docket No. 26, ¶¶ 15-17). In paragraph 59 of the Answer, Defendants admit that "Edge has not paid the Bignell notes in full." (Answer, Docket No. 26, ¶ 59). Because Defendants admitted that Edge did not pay the Bignell Notes in full by their maturity dates, Bignell is entitled to judgment on the pleadings with respect to the Fourth Cause of Action stated in the Complaint. *See Fibley*, 98 Mass. App. Ct. at 462.

      b.    **<u>Defendants Admitted in Their Answer that Edge Breached the Kerr Notes.</u>**

Kerr is similarly entitled to judgment on the pleadings on the Fifth Cause of Action asserted in the Amended Complaint. On November 8, 2018, Edge executed the Kerr Unsecured Note, whereby it agreed to pay Kerr $75,000, plus accrued interest, by April 8, 2019 at the latest. (Amended Complaint, Docket No. 4, ¶ 20); (Answer, Docket No. 26, ¶ 20). Additionally, under the Kerr Convertible Note, Edge promised that it would pay Kerr $75,000, plus accrued interest, on or before December 31, 2020. (Amended Complaint, Docket No. 4, ¶ 22); (Answer, Docket No. 26, ¶ 22). In paragraph 62 of the Answer, Defendants admit that "Edge has not paid the Kerr Notes in full." (Answer ¶ 62). Because Defendants admitted that Edge did not pay the amounts

owed under the Kerr Notes by their maturity dates, Kerr is entitled to judgment on the pleadings. *See Fibley*, 98 Mass. App. Ct. at 462.

## CONCLUSION

For the reasons stated herein, this Court should enter judgment on the pleadings in Plaintiffs' favor on the Fourth and Fifth Causes of Action asserted in the Amended Complaint.

                                                      The Plaintiffs,
CHRISTOPHER S. BIGNELL and
STUART KERR,
By Their Attorneys:

Dated: August 28, 2023

*/s/ Kevin C. Maynard*
Kevin C. Maynard, BBO No. 550669
Michael J. McAndrew, BBO No. 709457
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA  01115-5507
Tel.: (413) 272-6244
Fax: (413) 707-1746
kmaynard@bulkley.com
mmcandrew@bulkley.com

## Certificate of Service

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. first-class mail to those indicated as non-registered participants on this 28th day of August, 2023.

*/s/ Kevin C. Maynard*
Kevin C. Maynard